1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    CHRISTIAN RANGEL,

10              Petitioner,                    No. 2:12-cv-1285 MCE JFM (HC)

11        vs.

12   P.D. BRAZELTON[1],

13              Respondent.         <u>FINDINGS & RECOMMENDATIONS</u>

14   _____/

15              Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  On July 16, 2012, petitioner filed a motion for

17   equitable tolling.  On August 27, 2012, respondent filed a motion to dismiss.  Upon review of the

18   motions, the documents in support and opposition, and good cause appearing therefor, THE

19   COURT FINDS AS FOLLOWS:

20              RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

21              On December 20, 2006, petitioner was convicted by a jury of seven counts of

22   robbery.  Lodgment ("LD") 1-2.  Petitioner was also found to have been personally armed with

23

24        [1]  The proper respondent is the custodian of the institution where the petitioner is
     incarcerated.  28 U.S.C. § 2242.  Since the respondent named by petitioner is no longer the warden
25   of Pleasant Valley State Prison, the institution where petitioner is presently housed, the court will
     substitute P.D. Brazelton, the current warden of Pleasant Valley State Prison, as the respondent in
26   this case.

1  or personally used a firearm.  Id.  Petitioner was sentenced to a determinate state prison term of

2  twenty-eight years.  Id.

3          On direct appeal, the California Court of Appeal, Third Appellate District,

4  reversed the conviction for and struck the sentence imposed on one of the robbery counts.  LD 2.

5  In all other respects, the judgment was affirmed.  Id.  Petitioner appealed to the California

6  Supreme Court, which denied review on October 16, 2008.  LD 3-4.

7          On collateral review, petitioner filed a petition for writ of habeas corpus in the

8  Sacramento County Superior Court on May 12, 2011.  LD 5.  On June 9, 2011, that petition was

9  denied as untimely.  LD 6.

10          Petitioner then filed a petition for writ of habeas corpus in the California Court of

11  Appeal, Third Appellate District, which summarily denied the petition on July 14, 2011.  Doc.

12  No. 17 at 20.

13          Finally, petitioner filed a petition for writ of habeas corpus in the California

14  Supreme Court.  LD 9.  On December 14, 2011, the state's highest court denied the petition with

15  citation to In re Robbins, 18 Cal. 4th 770, 780 (Cal. 1998).  LD 10.

16          Petitioner initiated this action on March 16, 2012.  This action is proceeding an a

17  first amended petition filed May 8, 2012.  Respondent filed a motion to dismiss on August 27,

18  2012.  Petitioner opposes the motion.

19                         DISCUSSION

20  A.      Respondent's Motion to Dismiss was Timely Filed

21          In his opposition, petitioner first argues that respondent's motion to dismiss

22  should be struck as untimely because it was filed beyond the 60-days to file a response to the

23  petition, as set forth in this court's June 26, 2012 order.  Respondent counters that, because the

24  60-day period expired on Saturday, August 25, 2012, his motion to dismiss, filed Monday,

25  August 27, 2012, was timely.  Respondent is correct, and the court will deem the motion to

26  dismiss timely filed.

1   B.      The Amended Petition is Time-Barred Under AEDPA's One-Year Statute of Limitations

2           Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, all

3   federal habeas petitions are subject to AEDPA's one-year statute of limitations.  See 28 U.S.C.

4   § 2244(d).  The one-year limitations period applies to all federal petitions filed after the April 24,

5   1996 effective date of AEDPA.  As this petition was filed on March 16, 2012, AEDPA's statute

6   of limitations applies.  Untimely petitions are barred from federal review.  See 28 U.S.C.

7   § 2244(d).

8           Generally, a state prisoner challenging his custody has one year to file his federal

9   petition from the date on which his conviction became final by the conclusion of direct review,

10   or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d) (1)(A).

11   Calculating the timeliness of the federal petition requires more than simply looking at the date of

12   the final state court judgment and the date the federal petition was filed.  That is because the

13   proper filing of a state habeas petition application concerning the pertinent conviction tolls the

14   one-year limitations period.  See 28 U.S.C. § 2244(d)(2).

15           Here, the record reflects that the California Supreme Court denied review of

16   petitioner's direct appeal on October 16, 2008, and there is no assertion that petitioner raised his

17   claims before the United States Supreme Court.  Petitioner's conviction therefore became final

18   ninety days after October 16, 2008 – that is, on January 14, 2009.  See U.S. Supreme Court rule

19   13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999).  The AEDPA statute of limitations began to

20   run the following day, on January 15, 2009, and expired one year later, on January 15, 2010.

21   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

22           Petitioner initiated collateral review of his conviction and sentence on May 12,

23   2011 in the Sacramento County Superior Court, and initiated this action on March 16, 2012.

24   There is no question as to the untimeliness of the petitions filed on collateral review in the state

25   courts and the petition filed in this court, all having been filed well after the statute of limitations

26   expired.  Having had already run, the AEDPA statute of limitations is not revived by a later-filed

1    state habeas petition.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003); <u>Jiminez v. Rice</u>,

2    276 F.3d 478, 482 (9th Cir. 2001).  Section 2244(d)(2) cannot "revive" the limitation period

3    once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet

4    fully run. "Once the limitations period is expired, collateral petitions can no longer serve to

5    avoid the statute of limitations."  <u>Rashid v. Kuhlmann</u>, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

6    C.      <u>Petitioner is Not Entitled to Equitable Tolling</u>

7                    By way of his own motion and in opposition to respondent's motion, petitioner

8    seeks equitable tolling on the grounds that state prison officials failed to provide staff assistance

9    or assistance from someone trained in the law to help in preparing his habeas petitions.

10   Petitioner contends such assistance was necessary because he was a youth who was illiterate,

11   mentally incompetent, and had a learning disability.  Petitioner then claims that since his transfer

12   to Pleasant Valley State Prison on December 9, 2010, he studied the law, compared the law to

13   the record of his case, and discovered the legal predicate for the claims raised in his habeas

14   petition.

15                   Generally, "a 'petitioner' is 'entitled to equitable tolling' only where he shows

16   '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

17   stood in his way' and prevented timely filing."  <u>Holland v. Florida</u>, —— U.S. ——, 130 S.Ct.

18   2549, 2562 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).[2] <u>See also</u> <u>Doe v.</u>

19   <u>Busby</u>, 661 F.3d 1001, 1011 (9th Cir. 2011); <u>Lakey v. Hickman</u>, 633 F.3d 782, 784 (9th

20   Cir.2011); <u>Porter v. Ollison</u>, 620 F.3d 952, 959 (9th Cir. 2010); <u>Harris v. Carter</u>, 515 F.3d 1051,

21   1054 (9th Cir. 2008); <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1202 (9th Cir. 2003).  Thus,

22   equitable tolling of the AEDPA statute of limitations is appropriate only when external forces

23

24   ———————————————

25        [2]  "The diligence required for equitable tolling purposes is 'reasonable diligence' ... not
     'maximum feasible diligence.'"  <u>Holland v. Florida</u>, —— U.S. ——, 130 S.Ct. 2549, 2565 (2010).
     <u>See also</u> <u>Doe v. Busby</u>, 661 F.3d 1001, 1012 (9th Cir. 2011); <u>United States v. Buckles</u>, 647 F.3d 883,
26   893 (9th Cir. 2011).

1    beyond his direct control, rather than a petitioner's lack of diligence or his counsel's mistake[3],

2    account for the failure to file a timely petition.  See Velasquez v. Kirkland, 639 F.3d 964, 969

3    (9th Cir. 2011); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (The petitioner must show

4    that "the extraordinary circumstances made it impossible to file the petition on time."); Miles v.

5    Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  To meet this standard it must be demonstrated that

6    some extraordinary circumstance stood in his way of filing a timely federal habeas petition and

7    that any such extraordinary circumstance was the cause of his late-filed petition.  See Lakey, 633

8    F.3d at 786; Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255

9    F.3d 798, 800–01 (9th Cir. 2001).  The petitioner bears the burden of demonstrating the

10   existence of grounds for equitable tolling.  Pace, 544 U.S. at 418; Doe, 661 F.3d at 1011;

11   Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010); Espinoza–Matthews v. California, 432

12   F.3d 1021, 1026 (9th Cir. 2005).

13            Courts are expected to "take seriously Congress's desire to accelerate the federal

14   habeas process."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir.

15   1997), overruled in part on other grounds by Calderon v. United States Dist. Court, (Kelly), 163

16   F.3d 530 (9th Cir. 1998) (en banc).  See also Lakey, 633 F.3d at 786 ("The high threshold of

17   extraordinary circumstances is necessary 'lest the exceptions swallow the rule.' "); Porter, 620

18   F.3d at 959; Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("[T]he threshold necessary to

19   trigger equitable tolling [under the AEDPA] is very high, lest the exception swallow the rule.");

20   Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as

21   setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of

22   a case must be 'extraordinary' before equitable tolling can be applied[.]"  Holland, 130 S.Ct. at

23   2564.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a

24

25           [3] "Equitable tolling may be warranted in instances of unprofessional attorney behavior;
26   however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney
     neglect or mistake."  Doe v. Busby, 661 F.3d at 1011-12.

1    particular case." Spitsyn, 345 F.3d at 801 (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th

2    Cir. 1999)). See also Doe, 661 F.3d at 1012.

3               In the years since the Supreme Court's decision in Pace, the Ninth Circuit has

4    found relatively few circumstances warranting equitable tolling of the AEDPA statute of

5    limitations. See, e.g., Doe, 661 F.3d at 1015 (Equitable tolling was warranted where petitioner's

6    attorney "finally informed him that no petition was forthcoming after four years of

7    representations to the contrary and then delayed six months in returning [petitioner's] files" and

8    petitioner filed his federal petition ten days later); Bills v. Clark, 628 F.3d 1092, 1098-99 (9th

9    Cir. 2010) (equitable tolling may be warranted where "mental impairment so severe that the

10   petitioner was unable personally either to understand the need to timely file or prepare a habeas

11   petition, and that impairment made it impossible under the totality of the circumstances to meet

12   the filing deadline despite petitioner's diligence"); Harris, 515 F.3d at 1054-57 (petitioner

13   entitled to equitable tolling because he demonstrated that in determining when to file a federal

14   petition he had relied on the Ninth Circuit's holding in Dictado that untimely state petitions were

15   properly filed for purpose of § 2244(d), which holding was subsequently overruled in Pace);

16   Jefferson v. Budge, 419 F.3d 1013, 1014-17 (9th Cir. 2005) (petitioner was entitled to equitable

17   tolling because district court dismissed his mixed petition without giving him the choice of

18   returning to state court to exhaust his claims or of amending or resubmitting the habeas petition

19   so as to present only exhausted claims); Spitsyn v. Moore, 345 F.3d 796, 800-02 (9th Cir. 2003)

20   (equitable tolling was available even in a non-capital case where the petitioner's attorney did

21   nothing, was completely unresponsive, and failed to return the petitioner's file to him until after

22   the statute of limitations for seeking federal habeas relief had expired); Smith v. Ratelle, 323

23   F.3d 813, 819 (9th Cir. 2003) (petitioner was entitled to equitable tolling because the district

24   court erroneously dismissed his earlier, timely filed habeas petition without first giving him an

25   opportunity to file an amended petition as an alternative to dismissal for failure to properly

26   exhaust all of his claims in state court); Corjasso v. Ayers, 278 F.3d 874, 877-79 (9th Cir. 2002)

1   (equitable tolling warranted where the district court improperly dismissed a timely petition on

2   technical grounds and then lost the body of the timely filed petition, thereby causing the federal

3   petition to be untimely); <u>Miles</u>, 187 F.3d at 1107 (equitable tolling available where petitioner

4   turned petition over to prison officials before the statute of limitations had expired but a delay in

5   mailing caused the petition to be untimely received); <u>Beeler</u>, 128 F.3d at 1289 (equitable tolling

6   available in situation where petitioner's lead counsel withdraws and replacement counsel needs

7   time to become familiar with case).

8          On review, the court finds that petitioner has not met his burden of showing

9   entitlement to equitable tolling.  Petitioner first claim of entitlement is grounded in the prison's

10  alleged failure to provide him with legal assistance from prison staff or some other individual

11  trained in the law.  Petitioner's argument that such assistance was necessary because he lacked

12  legal knowledge fails because ignorance of the law is not an extraordinary circumstance that

13  warrants equitable tolling.  <u>See</u>, <u>e.g.</u>, <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir.2006)

14  ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

15  warranting equitable tolling").  Indeed, because state prisoner habeas petitions are commonly

16  filed on a pro se basis, allowing equitable tolling based on lack of legal knowledge would create

17  a loophole that would wholly negate the intent and effect of AEDPA's limitation period.

18          Furthermore, petitioner's claims of entitlement based on a learning disability and

19  illiteracy also fail.  Many pro se prisoners are illiterate; standing alone, this factor alone does not

20  support a claim for equitable tolling.  <u>See</u> <u>Rasberry</u>, 448 F.3d at 1154.  In light of petitioner's

21  ability to file state and federal habeas corpus petitions after the statute of limitation had run,

22  despite his illiteracy and lack of legal training, petitioner has not demonstrated that his illiteracy

23  and lack of legal knowledge made it impossible for him to file a federal petition on time, or that

24  he diligently pursued his claims sufficient to toll the statute.  Without more, petitioner is not

25  entitled to tolling based on illiteracy.  <u>See</u> <u>Hughes v. Idaho State Bd. of Corr.</u>, 800 F.2d 905, 909

26  (9th Cir. 1986) (finding pro se prisoner's illiteracy unfortunate but insufficient to establish cause

7

1   sufficient to avoid procedural bar).  Additionally in this case, petitioner declares that, upon

2   transfer to Pleasant Valley State Prison in late-2010, he was able to study the law and ascertain

3   the claims raised in the amended petition.  Petitioner was thus able to satisfactorily overcome his

4   learning disability and illiteracy in order to file the instant petition, and there is no explanation in

5   the record as to why he could not overcome these challenges before the AEDPA statute of

6   limitations expired.

7              Petitioner next argues that he is entitled to equitable tolling because he was a

8   juvenile at the time of his arrest.  This vague assertion is insufficient to establish that an

9   extraordinary circumstance stood in petitioner's way.  Petitioner simply fails to explain why his

10  juvenile status prevented him from filing an appeal or petition himself.

11             Lastly, petitioner claims that he was mentally incompetent.  In support, he

12  submits documentation evidencing his placement in the CCCMS mental health program where

13  he was prescribed medication for schizophrenia and anxiety.  However, a petitioner must allege

14  more than the mere existence of physical or mental ailments to invoke the equitable tolling of the

15  AEDPA's statute of limitations.  "Instead, a habeas petitioner has the burden of showing that

16  mental health problems rendered him or her unable to file a habeas petition during the one-year

17  limitations period."  Brown v. McKee, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002).  In other

18  words, a mental condition that burdens but does not prevent a prisoner from filing a timely

19  petition does not constitute extraordinary circumstances justifying equitable tolling.  Here,

20  petitioner fails to explain how or why his placement in the mental health program or his

21  medications affected his ability to file a timely habeas petition.

22             In sum, the court finds that the amended petition is barred by AEDPA's statute of

23  limitations, and the court further finds that petitioner has not met his burden of demonstrating

24  entitlement to equitable tolling.

25             Accordingly, IT IS HEREBY RECOMMENDED that:

26             1.  Petitioner's July 16, 2012 motion for equitable tolling be denied;

8

2.  Respondent's August 27, 2012 motion to dismiss be granted; and

3.  This action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;rang1285.mtd